IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY W. BURNETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-1197-T/An |
| | ) | |
| HAYWOOD COUNTY BOARD OF EDUCATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Before the Court is Defendant's Motion for Temporary Restraining Order (D.E. # 35) filed July 27, 2007, which the Court will treat as a Motion for a Preliminary Injunction. The Court recommends that the Temporary Restraining Order be dissolved and that the Motion for a Preliminary Injunction be **DENIED**.

**BACKGROUND**

On August 1, 2007, United States District Chief Judge James D. Todd adopted the Magistrate Judge's recommendation to issue a Temporary Restraining Order pending a hearing to determine whether to grant a Preliminary Injunction. On August 10, 2007, the Court conducted the hearing at which the Plaintiff, Mr. Burnette, and George Chapman, the Director of Schools for the Defendant, testified.

The basis for Defendant's request for an Injunction is the Defendant's assertion that some of the Defendant's employees are in fear of the Plaintiff. The Defendant contends that the

1

Plaintiff, while employed as a school bus driver, endangered students and that he made threats of violence against his former boss and co-workers. The Defendant further contends that the Plaintiff fantasizes about doing harm to some of the Defendant's employees. The Defendant also claims that after Mr. Chapman terminated the Plaintiff's employment, the Plaintiff said that he wanted to choke Mr. Chapman and "watch him go."

## ANALYSIS

The Defendant moved for a Temporary Restraining Order,[1] but did not request a Preliminary Injunction as contemplated by Federal Rule of Civil Procedure 65. The standard for issuing either a Temporary Restraining Order or a Preliminary Injunction is the threat of irreparable harm–that is the inadequacy of the remedy at law and the immediate need for injunctive relief.[2] A Temporary Restraining Order is used to prevent immediate and irreparable harm until the court can rule on a Preliminary Injunction.[3] A Temporary Restraining Order can be issued without notice to an opposing party and can only be effective for ten days with a possible renewal of ten days.[4] By contrast, a Preliminary Injunction requires notice and a hearing and can issue for the duration of the litigation.[5] As the Defendant requests injunctive relief indefinitely, the Court will treat the Motion for a Temporary Restraining Order as a Motion for a Preliminary Injunction.

---

[1] Notably, the Defendant captioned its request for a Temporary Restraining Order as a Motion and Memorandum, but failed to cite any legal authority.

[2] *See Brown v. Chote*, 411 U.S. 452, 456 (1973).

[3] Fed. R. Civ. P. 65(b).

[4] *Id.*

[5] Fed. R. Civ. P. 65(a).

The general rule is that equity will not enjoin the commission of a crime.[6] This is especially true when the penalty provided by statute is adequate to protect the rights involved.[7] Courts will not issue injunctions for the general purpose of aiding "law enforcement officers by placing persons under general injunctions against committing criminal acts."[8]

The Defendant seeks to enjoin acts that are not in and of themselves criminal in nature. Specifically, the acts sought to be enjoined are the Plaintiff's contacting Mr. Chapman, or any student or employee of Haywood County Schools or coming closer than 100 feet from Mr. Chapman, any employee of Haywood County Schools, or Haywood County School property. The basis for seeking the Injunction, as discussed above, is the Plaintiff's alleged threats about and toward Mr. Chapman and the Plaintiff's former co-workers as well as the Plaintiff's behavior while driving a school bus. While the Plaintiff did allegedly make threatening comments against his former boss and co-workers, he made no actual attempts to harm Mr. Chapman, Mr. Curry or anyone else. Furthermore, he is no longer employed as a bus driver and thus is not a danger to students on the bus. In addition, all of this behavior allegedly occurred in 2004 and 2005, and, based on the testimony at the hearing, there is no reason to believe that the Plaintiff had any intentions of actually doing harm to Mr. Curry, Mr. Chapman, or any of the other co-workers. Had the Plaintiff intended to do harm, he likely would have done so long before now. Should the Plaintiff again threaten to harm Mr. Chapman, his former co-workers or any student of Haywood County Schools, the remedies provided by the criminal laws would

---

[6] *U.S. v. Jalas*, 409 F.2d 358, 360 (7th Cir. 1969).

[7] *Quinn v. Aetna Lifen & Cas. Co.*, 482 F.Supp. 22, 29 (E.D.N.Y. 1979), *aff'd,* 616 F.2d 38 (2d Cir. 1980).

[8] *Nasif v. U.S.*, 165 F.2d 119, 121 (5th Cir. 1947).

adequately protect those persons.

Defendant has not presented sufficient evidence that it will suffer irreparable harm if the Plaintiff is not restrained from coming into contact with the Defendant's employees or property. As to the specific allegations, the threat of harm appears to have passed. The Plaintiff no longer drives a school bus, so he is not a threat to the students. Furthermore, the Plaintiff testified at the hearing that the circumstances surrounding the incident where the Defendant alleges that the Plaintiff intentionally endangered the physical safety of students on the bus was much different than the Defendant infers in the Affidavit. In particular, while there is some justification for the Defendant's position that the Plaintiff intentionally endangered those students, it appears that some of the students on the bus were verbally abusive and undisciplined, routinely tormented and threatened the Plaintiff, and would not follow the Plaintiff's instructions to stay in their seats. The Plaintiff also testified that the school administration ignored his request for help in dealing with those students. During the incident in question, another student was running beside the bus, and the Plaintiff hit the brakes at least in part out of fear of hitting that student. In any case, the Plaintiff is no longer employed as a bus driver, and thus is not a threat to the students.

In response to the Defendant's allegations that the Plaintiff made threats against his co-workers, the Plaintiff testified that some of his co-workers would routinely tease, harass, and torment him. Specifically, a co-worker named Rommie Curry would intentionally speak and act in a manner to upset and bother the Plaintiff. For instance Curry would make implied overtures to the Plaintiff and would touch the Plaintiff in a way that the Plaintiff found offensive. The Plaintiff testified that he reported this behavior to his supervisors, but they told the Plaintiff to ignore it. For his part, the Plaintiff admits to making statements such as, "I'm going to take a

screwdriver and stick it through your head if you don't stop doing those things to me," but maintains that he did so in an attempt to defend himself and get Curry to stop the unwelcome harassment.

Regarding the alleged threats against Mr. Chapman, the Plaintiff testified that he did become very upset with Chapman because Chapman told him that he was "nothing and nobody" and that he considered Chapman a financial threat to him in that Chapman removed the Plaintiff from his job.  Additionally, the Plaintiff admits that he does own a shotgun.  The Plaintiff denies, however, that he would ever physically hurt Chapman or anyone else within the school system. Furthermore, the Plaintiff testified that he was diagnosed as schizophrenic when he was discharged from the military many years ago, and he admits that after Chapman terminated him he went to see a psychiatrist who prescribed him medication that he no longer takes.  The Plaintiff does state, however, that he attends anger management classes at a Veterans Administration facility.  These allegations do not appear to constitute the threat of immediate and irreparable harm and the remedies provided by the criminal law are adequate to protect the Defendant's interest.  Therefore, under the facts above and as contained in the Affidavit, the standard for issuing a Preliminary Injunction under Rule 65 has not been met.

## CONCLUSION

The Court thus recommends that the Temporary Restraining Order be dissolved and the Motion for a Preliminary Injunction be **DENIED**.

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES MAGISTRATE JUDGE

Date: August 31st, 2007.


ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT.  FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.